Brunt Realty Corp. v. Commissioner.
Brunt Realty Corp. v. Commissioner
Docket No. 67098.
United States Tax Court
T.C. Memo 1960-2; 1960 Tax Ct. Memo LEXIS 286; 19 T.C.M. (CCH) 3; T.C.M. (RIA) 60002; January 13, 1960
*286 Norman B. Sobler, Esq., for the petitioner. Colin C. MacDonald, Jr., Esq., for the respondent. MULRONEY Memorandum Opinion MULRONEY, Judge: The respondent determined deficiencies in petitioner's income tax of $1,691.21 for the fiscal year ended November 30, 1952. All of the facts have been stipulated and they are found accordingly. This is a companion case to Anover Realty Corp., 33 T.C. - (Jan. 13, 1960). At the time of the submission of this case petitioner's counsel, who represented petitioner in the Anover case, stated that the fundamental facts, questions, and issues in this case are the same as those in the Anover case, differing only in amounts and in other immaterial respects. A short statement of some of the facts will suffice and reference is made to our opinion in the Anover case for a more complete statement of all of the facts. The petitioner, Brunt Realty Corp., was organized under the laws of New York on December 15, 1951. It filed its income tax returns on an accrual basis using a fiscal year ending November 30. Its return for the fiscal year ending November 30, 1952 was filed with the district director of internal revenue in Albany, New York. *287 Petitioner, in the December 1951 transaction described in Anover Realty Corp., supra, acquired some of the assets and liabilities formerly owned by Condyck Realty Corporation from the stockholders of Condyck in exchange for all of petitioner's stock. The issue is whether the petitioner corporation is entitled to amortize and deduct in its 1952 income tax return a pro rata share of the remaining unamortized mortgage discounts and expenses incurred by Condyck. Petitioner's share of Condyck's unamortized mortgage discount and expense which it took as deduction in 1952 is as follows: First Mortgage Bonus
$4,833.84
Expenses of Closing
52.06
Legal Expense
169.02
Mortgage Commission
743.67
Mortgage Tax
371.84
$6,170.43
In Anover Realty Corp., supra, for the reasons there indicated, we held that the taxpayer could not amortize and deduct the mortgage discount or bonus and mortgage expenses. We so hold here. Decision will be entered for the respondent.